IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JAMAAL ANDRE MCNEIL,<br><br>Petitioner,<br><br>vs.<br><br>STATE OF NEBRASKA, ATTORNEY GENERAL FOR THE STATE OF NEBRASKA, DOUGLAS COUNTY ATTORNEY, WARDEN OF N.S.P., SCOTT FRANKS, Director of N.S.P.; LEE ANN RETELSDORF, District Court Judge, Mrs.; and CLERK OF THE DISTRICT COURT,<br><br>Respondents. | **4:18CV3041**<br><br><br>**MEMORANDUM<br>AND ORDER** |

This matter is before the court on Petitioner Jamaal Andre McNeil's ("McNeil") Petition for Writ of Habeas Corpus (filing no. 1) brought pursuant to 28 U.S.C. § 2254.[1] After initial review under Rule 4 of the *Rules Governing Section 2254 Cases in the United States District Courts*, I will dismiss the petition without prejudice.

McNeil alleges he was convicted of possession of a controlled substance (crack) with intent to deliver on May 1, 2017, in the Douglas County District Court of Nebraska, Case No. CR16-3742. McNeil's state case records, available to this

---

[1] McNeil alleges that his petition is brought pursuant to "28 § U.S.C. [sic] 2241 to 2254, 1651(a)(b), 1602 to 1611, 42 § U.S.C. [sic] 1981 to 1983, 1914, 1915, Nebraska Revised Statute 29-2801 to 29-2824, 13-901 et. Seq., 81-8,109 to 81-8,301, 25-21,121 to 25-21,148, 25-2001 to 25-2009, 25-2156 to 25-2169" as well as, inter alia, "Ecclesisastical Court Law, the bible Genesis to Revelation," and provisions of the Nebraska and United States Constitutions. (Filing No. 1 at CM/ECF p. 1 (spelling in original).) The court considers the petition filed under 28 U.S.C. § 2254 because that is how McNeil captioned the petition and because it is clear from the allegations that he is challenging his state court conviction. (*See id*. at CM/ECF pp. 1–2.)

court online,[2] show that McNeil filed an appeal on May 3, 2017, after he was convicted but prior to his sentencing, which was dismissed by the Nebraska Court of Appeals for lack of jurisdiction on June 19, 2017, and the mandate was issued on July 28, 2017. On August 23, 2017, the state district court sentenced McNeil to ten to fifteen years' imprisonment. McNeil did not file a direct appeal after he was sentenced. Recently, however, on August 21, 2018, McNeil filed a motion for postconviction relief and the status of his state criminal case is listed as "Re-opened as of 08/21/2018."

As set forth in 28 U.S.C. § 2254:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—

    (A)   the applicant has exhausted the remedies available in the courts of the State; or

    (B)   (i) there is an absence of available State corrective process; or

           (ii) circumstances exist that render such process ineffective to protect the rights of the applicant. . . .

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

---

    [2] This court has been afforded access to the computerized record keeping system (JUSTICE and SCCALES) for the Nebraska state courts. I take judicial notice of the state court records related to this case in *State v. McNeil*, No. CR16-3742, Douglas County District Court of Nebraska, and the Nebraska Court of Appeals appellate case records in A-17-000463. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records).

Under Nebraska law, a prisoner may file a postconviction relief motion seeking to vacate or set aside a sentence on constitutional grounds within one year of "[t]he date the judgment of conviction became final by the conclusion of a direct appeal or the expiration of the time for filing a direct appeal." Neb. Rev. Stat. § 29-3001. McNeil's state court records clearly establish that he did not pursue any state postconviction proceedings *before* filing his habeas case in this forum. Exhaustion of available state postconviction relief is a necessary prerequisite to seeking federal habeas relief under 28 U.S.C. § 2254. *Akins v. Kenney*, 410 F.3d 451, 454 (8th Cir. 2005) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). As explained in *Rose v. Lundy*, 455 U.S. 509, 520 (1982):

> [O]ur interpretation of §§ 2254(b), (c) provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court. Just as pro se petitioners have managed to use the federal habeas machinery, so too should they be able to master this straightforward exhaustion requirement.

Since McNeil did not exhaust his available state court remedies before filing this federal habeas action, his petition for relief under 28 U.S.C. § 2254 is subject to sua sponte dismissal by this court. *Rose*, 455 U.S. at 520; *Akins*, 410 F.3d at 455.

This court has the discretion to stay rather than dismiss a petitioner's habeas claim pending exhaustion of state postconviction proceedings. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). However, a federal stay should be available in only limited circumstances. "Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id*. at 277. In determining whether a stay is appropriate, the court may consider whether access to federal habeas review will be prejudiced if the case is dismissed, including whether the petitioner's federal habeas claims will be time-barred because the statute of limitations set forth in 28 U.S.C. § 2244(d)(1) expired while the habeas

case was pending in federal court. *See Akins*, 410 F.3d at 455–56. *See also Lawrence v. Florida*, 549 U.S. 327, 331 (2007) (citing 28 U.S.C. § 2244(d)(1)) ("The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 110 Stat. 1214, sets a one-year statute of limitations for seeking federal habeas corpus relief from a state-court judgment."). Although the time during which a properly filed application for state postconviction or other collateral review with respect to the pertinent judgment or claim is pending is not counted toward the AEDPA statute of limitations, 28 U.S.C. § 2244(d)(2), the filing of a petition for habeas corpus in federal court does not toll the AEDPA statute of limitations. *Rhines*, 544 U.S. at 274–75.

McNeil's conviction and sentence became final on September 22, 2017, which was 30 days after the state district court entered its sentencing order (i.e., "the expiration of the time for seeking [direct] review"). *See* 28 U.S.C. § 2244(d)(1)(A); *see also* Neb. Rev. Stat. § 25-1912 (stating appeal must be filed "within thirty days after the entry of such judgment"). The one-year AEDPA statute of limitations has not expired. Moreover, McNeil is currently pursuing his state postconviction motion. Thus, dismissing this federal petition for habeas relief will not prejudice McNeil's ability to timely pursue his state postconviction motion and, upon exhaustion of that available remedy, file a timely petition for federal habeas review as appropriate.[3] Therefore, the circumstances presented in this case do not justify staying this federal habeas proceeding. McNeil's habeas petition must be dismissed without prejudice for failure to exhaust available state postconviction remedies. I also will dismiss McNeil's various motions filed with his habeas petition as moot.

---

[3] If McNeil does choose to return to this court to pursue any habeas relief after exhausting his state postconviction remedies, he should be mindful that a habeas corpus petition must "substantially follow either the form appended to [the *Rules Governing Section 2254 Cases in the United States District Courts*], or a form prescribed by a local district-court rule." *See* Rule 2 of the *Rules Governing Section 2254 Cases in the United States District Courts*. McNeil's current petition is twenty-four pages long and very difficult to decipher due to McNeil's too-small handwriting and somewhat rambling and repetitious allegations. The court recommends use of the standard § 2254 habeas form, Form AO 241, Petition for Writ of Habeas Corpus by a Person in State Custody, which is available from the clerk's office upon request.

Lastly, a petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). I have applied the appropriate standard and determined that Petitioner is not entitled to a certificate of appealability.

IT IS THEREFORE ORDERED that:

1.     The petition for writ of habeas corpus (Filing No. 1) is dismissed without prejudice. No certificate of appealability has been or will be issued.

2.     All pending motions (filing nos. 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 24, and 25) are denied as moot.

3.     A judgment will be entered by separate document.

Dated this 28th day of August, 2018.

                              BY THE COURT:

                              s/ *Richard G. Kopf*
                              Senior United States District Judge